1
2
3
4
5
6
7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11   MICHAEL RAY JOHNSON, | )   Case No.: 1:13-cv-01626 - JLT |
| 12                  Plaintiff, | )   ORDER GRANTING PLAINTIFF'S MOTION TO |
| 13             v. | )   PROCEED INFORMA PAUPERIS |
| 14   CAROLYN W. COLVIN, | )   (Doc. 2) |
| 15   Acting Commissioner of Social Security, | )   ORDER DIRECTING CLERK TO ISSUE |
| 16                  Defendant. | )   SUMMONS AND SOCIAL SECURITY CASE |
| 17 | )   DOCUMENTS |
| 18 | )   ORDER DIRECTING UNITED STATES |
| | )   MARSHAL FOR SERVICE OF COMPLAINT |

19          Michael Ray Johnson ("Plaintiff") seeks to proceed *in forma pauperis* with an action for

20   judicial review of the administrative decision denying his application for Social Security benefits.

21   Pending before the Court are the complaint (Doc. 1) and motion to proceed *in forma pauperis* (Doc. 2)

22   filed by Plaintiff on October 8, 2013.

23   **I.      MOTION TO PROCEED IN FORMA PAUPERIS**

24          The Court may authorize the commencement of an action without prepayment of fees "but a

25   person who submits an affidavit that includes a statement of all assets such person . . . possesses [and]

26   that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a).  The Court

27   has reviewed the application and has determined it satisfies the requirements of 28 U.S.C. § 1915(a).

28   Therefore, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

## II.    SCREENING REQUIREMENT

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the

complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or

fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant

who is immune from such relief."  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).  A plaintiff's claim

is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or

not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S.

25, 32-33 (1992).

## III.    PLEADING STANDARDS

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A

pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the

claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may

include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).

A complaint must state the elements of the plaintiff's claim in a plain and succinct manner.

*Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the

complaint is to give the defendant fair notice of the claims against him, and the grounds upon which

the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court

explained,

> Rule 8 does not require detailed factual allegations, but it demands more than an
> unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers
> labels and conclusions or a formulaic recitation of the elements of a cause of action will
> not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further
> factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted).

Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d

266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim
> to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the
> plaintiff pleads factual content that allows the court to draw the reasonable inference
> that the defendant is liable for the misconduct alleged. [Citation]. The plausibility
> standard is not akin to a "probability requirement," but it asks for more than a sheer

> possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 679 (citations omitted).  When factual allegations are well-pled, a court should assume the truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth.  *Id.*  The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## IV.   DISCUSSION AND ANALYSIS

Here, Plaintiff's complaint indicates his application and appeal for Social Security benefits have been denied, and he seeks review of the decision by the Commissioner of Social Security to deny benefits.  (Doc. 1 at 1-2).  The Court has jurisdiction over such claims pursuant to 42 U.S.C.  § 405(g), which provides in relevant part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id.*  Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h). The Supreme Court noted the purpose of the legislation was "to forestall repetitive or belated litigation of stale eligibility claims." *Califano v. Sanders*, 430 U.S. 99, 108 (1977).  Plaintiff asserts the Appeals Council denied his request for review on August 9, 2013, at which time the decision of the administrative law judge became the decision of the Commissioner.  (Doc. 1 at 2).  Because Plaintiff seeks timely judicial review, the Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).

## V.   CONCLUSION AND ORDER

Plaintiff's complaint states a cognizable claim for review of the administrative decision denying Social Security benefits.  Based upon the foregoing, **IT IS HEREBY ORDERED**:

1.  Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**;

2.  The Clerk of Court is DIRECTED to issue summons as to the defendant, Carolyn W. Colvin, Acting Commissioner of Social Security;

3.  The Clerk of Court is DIRECTED to issue and serve Plaintiff with Social Security Case Documents, including the Scheduling Order, Order regarding Consent, the Consent Form, and USM-285 Forms; and

4.  The U.S. Marshal is DIRECTED to serve a copy of the complaint, summons, and this order upon the defendant as directed by Plaintiff in the USM Forms.

IT IS SO ORDERED.

Dated:   **October 9, 2013**                    **/s/ Jennifer L. Thurston**
                                                      UNITED STATES MAGISTRATE JUDGE

4